MICHAEL J. BETTINGER (State Bar No. 122196)
TIMOTHY P. WALKER, PHD (State Bar No. 105001)
PRESTON GATES & ELLIS LLP
55 Second Street, Suite 1700
San Francisco, California 94105-3493
Telephone: (415) 882-8200
Facsimile: (415) 882-8220

Attorneys for Defendant
TOSHIBA AMERICA
INFORMATION SYSTEMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TV INTERACTIVE DATA CORPORATION, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>FUJITSU LIMITED, FUJITSU COMPUTER PRODUCTS OF AMERICA, INC., FUJITSU COMPUTER SYSTEMS CORPORATION, HEWLETT-PACKARD COMPANY, INTERNATIONAL BUSINESS MACHINES CORPORATION, DELL INC., TOSHIBA CORPORATION, TOSHIBA AMERICA, INC., TOSHIBA AMERICA INFORMATION SYSTEMS, INC., GATEWAY, INC., NEC CORPORATION, NEC USA, INC., NEC SOLUTIONS (AMERICA), INC., SONY CORPORATION, SONY CORPORATION OF AMERICA, and SONY ELECTRONICS INC.,<br><br>Defendants. | Case No. C04-03367 JSW<br>(Related Case No. C02-02385 JSW)<br><br>**DEFENDANT TOSHIBA AMERICA INFORMATION SYSTEMS, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## ANSWER

Defendant Toshiba America Information Systems, Inc. ("TAIS"), for its Answer to the First Amended Complaint of Plaintiff TV Interactive Data Corp. ("TVI"), states as follows:

**INTRODUCTION**

1. TAIS admits that TVI considers this to be an action for infringement "involving the 'AutoPlay' function contained in every version of Microsoft Windows™ from Windows 95 to the most current release, Windows XP." TAIS denies or has insufficient information to admit or deny the remaining allegations of this paragraph.

2. TAIS lacks knowledge sufficient to confirm or deny the allegations of Paragraph 2, and on that basis denies those allegations.

3. TAIS denies the allegations of Paragraph 3.

**PARTIES**

4. TAIS lacks knowledge sufficient to confirm or deny the allegations of Paragraph 4, and on that basis denies those allegations.

5. TAIS lacks knowledge sufficient to confirm or deny the allegations of Paragraph 5, and on that basis denies those allegations.

6. TAIS lacks knowledge sufficient to confirm or deny the allegations of Paragraph 6, and on that basis denies those allegations.

7. TAIS lacks knowledge sufficient to confirm or deny the allegations of Paragraph 7, and on that basis denies those allegations.

8. TAIS lacks knowledge sufficient to confirm or deny the allegations of Paragraph 8, and on that basis denies those allegations.

9. TAIS admits that Toshiba Corporation is a Japanese corporation headquartered in Tokyo, Japan and that TAI is a Delaware corporation headquartered in New York, New York. TAIS admits that it is a California corporation headquartered in Irvine, California that does business in this judicial district. TAIS denies the remaining allegations contained in Paragraph 9.

10. TAIS lacks knowledge sufficient to confirm or deny the allegations of Paragraph 10, and on that basis denies those allegations.

11. TAIS lacks knowledge sufficient to confirm or deny the allegations of Paragraph 11 and on that basis denies those allegations.

12. TAIS lacks knowledge sufficient to confirm or deny the allegations of Paragraph 12, and on that basis denies those allegations.

## JURISDICTION

13. TAIS admits that this Court has jurisdiction over TVI's patent infringement claims under 35 U.S.C. § 271 and §§ 281-285 and 28 U.S.C. § 1331 and §1338(a).

## VENUE

14. TAIS admits the allegations of Paragraph 14.

## INTRADISTRICT ASSIGNMENT

15. TAIS admits the allegations of Paragraph 15.

## FACTUAL BACKGROUND

16. TAIS lacks knowledge sufficient to confirm or deny the allegations of the first sentence of paragraph 16, and on that basis denies those allegations. TAIS denies the remaining allegations of Paragraph 16.

17. TAIS lacks knowledge sufficient to confirm or deny the allegations of Paragraph 17, and on that basis denies those allegations.

18. TAIS lacks knowledge sufficient to confirm or deny the allegations of Paragraph 18, and on that basis denies those allegations.

19. TAIS denies that on January 28, 1997, the United States Patent and Trademark Office ("USPTO") duly and properly issued United States Letters Patent 5,597,307 (the "'307 patent"), entitled "Method for Starting Up a Process Automatically on Insertion of a Storage Media Into a Host Device," to Redford and Stern as alleged in the first sentence of Paragraph 19 of the First Amended Complaint. TAIS admits that TVI is listed as the assignee on the '307 patent as alleged in the first sentence of Paragraph 19 of the First Amended Complaint. TAIS denies that on August 18, 1998, the USPTO duly and properly issued United States Letters Patent 5,795,156 (the "'156 patent"), entitled "Host Device Equipped with Means for Starting a Process in Response to Detecting Insertion of a Storage Media," to Redford and Stern as alleged in the second sentence of Paragraph 19 of the First Amended Complaint. TAIS admits that TVI is listed as the assignee on the '156 patent as alleged in the second sentence of Paragraph 19 of the First Amended Complaint.

1  TAIS denies that on June 19, 2001, the USPTO duly and properly issued United States Letters
2  Patent 6,249,863 (the "'863 patent"), entitled "Host Device Equipped with Means for Starting a
3  Process in Response to Detecting Insertion of a Storage Media," to Redford and Stern as alleged in
4  the third sentence of Paragraph 19 of the First Amended Complaint.  TAIS admits that TVI is listed
5  as the assignee on the '863 patent as alleged in the third sentence of Paragraph 19 of the First
6  Amended Complaint.  TAIS denies that on July 9, 2002, the USPTO duly and properly issued
7  United States Letters Patent 6,418,532 (the "'532 patent"), entitled "Host Device Equipped with
8  Means for Starting a Process in Response to Detecting Insertion of a Storage Media," to Redford
9  and Stern as alleged in the fourth sentence of Paragraph 19 of the First Amended Complaint.  TAIS
10 admits that TVI is listed as the assignee on the '532 patent as alleged in the fourth sentence of
11 Paragraph 19 of the First Amended Complaint.  TAIS denies the allegations of the fifth sentence of
12 Paragraph 19 of the First Amended Complaint.

13      20.    TAIS admits that some of its personal computers are pre-installed with the Microsoft
14 Windows™ operating system, but otherwise lacks knowledge sufficient to confirm or deny the
15 remaining allegations in the first sentence of paragraph 20, and on that basis denies those
16 allegations.  TAIS denies the allegations of the second sentence of paragraph 20.  TAIS lacks
17 knowledge sufficient to confirm or deny the content of an unspecified edition of the Microsoft
18 Computer Dictionary, and on that basis denies the allegations of the third sentence of paragraph 20.

19      21.    TAIS lacks knowledge sufficient to confirm or deny the allegations of paragraph 21,
20 and on that basis denies those allegations.

21              **THE ORIGINAL EQUIPMENT MANUFACTURERS**

22      22.    TAIS admits that it is an OEM and that some of its personal computers are pre-
23 installed with the Microsoft Windows™ operating system, but otherwise lacks knowledge sufficient
24 to confirm or deny the allegations of the first sentence of paragraph 22, and on that basis denies
25 those allegations.  TAIS denies the allegations of the second sentence of paragraph 22.

26      23.    TAIS admits TVI asserts the matters stated in the first sentence of paragraph 23 of
27 TVI's complaint.  TAIS lacks knowledge sufficient to confirm or deny the remaining allegations in
28 the other sentences of paragraph 23, and on that basis denies those allegations.

## COUNT I – PATENT INFRINGEMENT ('307 PATENT)

24. TAIS restates its answers to Paragraphs 1-23 of the First Amended Complaint and incorporates them herein.

25. TAIS denies the allegations of Paragraph 25.

26. TAIS denies the allegations of Paragraph 26.

27. TAIS denies the allegations of Paragraph 27.

## COUNT II – PATENT INFRINGEMENT ('156 PATENT)

28. TAIS restates its answers to Paragraphs 1-27 of the First Amended Complaint and incorporates them herein.

29. TAIS denies the allegations of Paragraph 29.

30. TAIS denies the allegations of Paragraph 30.

31. TAIS denies the allegations of Paragraph 31.

## COUNT III – PATENT INFRINGEMENT ('863 PATENT)

32. TAIS restates its answers to Paragraphs 1-31 of the First Amended Complaint and incorporates them herein.

33. TAIS denies the allegations of Paragraph 33.

34. TAIS denies the allegations of Paragraph 34.

35. TAIS denies the allegations of Paragraph 35.

## COUNT IV – PATENT INFRINGEMENT ('532 PATENT)

36. TAIS restates its answers to Paragraphs 1-35 of the First Amended Complaint and incorporates them herein.

37. TAIS denies the allegations of Paragraph 37.

38. TAIS denies the allegations of Paragraph 38.

39. TAIS denies the allegations of Paragraph 39.

## AFFIRMATIVE DEFENSES

Defendant TAIS, as its Affirmative Defenses to the First Amended Complaint of Plaintiff TVI, states as follows:

**FIRST AFFIRMATIVE DEFENSE**

40. TAIS does not infringe and has not infringed, contributed to the infringement of, or induced others to infringe any claim of the '307 patent, '156 patent, '863 patent or '532 patent.

**SECOND AFFIRMATIVE DEFENSE**

41. The '307 patent, '156 patent, '863 patent and the '532 patent are invalid because they fail to satisfy the conditions for patentability specified in Title 35 of the United States Code, including without limitation sections 101, 102, 103, 112 and/or 282.

**THIRD AFFIRMATIVE DEFENSE**

42. Plaintiff TVI is estopped, based on statements, representations and admissions made during prosecution of the patent applications resulting in the '307, '156, '863 and the '532 patents and related patents and applications, from asserting any interpretation of any of the '307, '156, '863 or the '532 patent claims that would cover the accused products.

**FOURTH AFFIRMATIVE DEFENSE**

43. TVI's claims are limited by the doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**

44. The TVI inventors were not the first inventors of the subject matter of the '307, '532, '156, and/or '863 patents.

**SIXTH AFFIRMATIVE DEFENSE**

45. TVI's remedies are limited under 28 U.S.C. §1498(a).

/ / /

**PRAYER FOR RELIEF**

TAIS respectfully requests a judgment against TVI as follows:

A.   That TVI take nothing by its Complaint;

B.   That the Court enter judgment against TVI and in favor of TAIS and that TVI's Complaint be dismissed with prejudice;

C.   That the Court enter a judgment that this is an exceptional case under 35 U.S.C. § 285 and enter a judgment awarding TAIS its costs and reasonable attorney's fees; and

D.   That the Court grant TAIS whatever further relief the Court may deem just and proper.

DATED:  December 1, 2004                    PRESTON GATES & ELLIS LLP


By:  /s/ Michael J. Bettinger
     Michael J. Bettinger

Attorneys for Defendant
Toshiba America Information Systems, Inc.

## JURY DEMAND

Defendant Toshiba America Information Systems, Inc. requests a trial by jury on each claim or issue for which a trial by jury is proper.

DATED: December 1, 2004             P<small>RESTON</small> G<small>ATES</small> & E<small>LLIS</small> <small>LLP</small>

By:  /s/ Michael J. Bettinger
     Michael J. Bettinger

Attorneys for Defendant
Toshiba America Information Systems, Inc.

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

DATED: December 1, 2004                    PRESTON GATES & ELLIS LLP


                                            By:  /s/ Michael J. Bettinger
                                                 Michael J. Bettinger

                                            Attorneys for Defendant
                                            Toshiba America Information Systems, Inc.